UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARK SULLIVAN,

                      Plaintiff,

    -against-

Honorable PATRICIA E. HENRY, individually
and in her official capacity as Justice of the
Brooklyn Supreme Court; AMANDA
NOREJKO, Esq.; HILARIE CHACKER, Esq.;
BINONG XU,

                      Defendants.
----------------------------------------------------------------x

<u>MEMORANDUM & ORDER</u>

14-cv-1499 (ENV) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 23 2014 ★
BROOKLYN OFFICE

VITALIANO, D.J.,

By complaint dated March 4, 2014, plaintiff Mark Sullivan, proceeding *pro se*, brings suit pursuant to 42 U.S.C. § 1983 against Binong Xu, his ex-wife, and the judge and attorneys involved in Sullivan's parental custody dispute, which is currently pending in Kings County Supreme Court. Specifically, plaintiff seeks declaratory and injunctive relief overturning certain of Justice Patricia E. Henry's orders. The Court grants Sullivan's collateral application, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis* for purposes of this motion only. The Court, however, dismisses, *sua sponte*, all of Sullivan's claims

## Background

Plaintiff seeks to "set[] aside the lower courts orders of supervised visitation and restor[e] full parental rights to relation with his biological daughter." (Compl.

1

at 3.) In place of a statement of claim, however, plaintiff relies on "excerpt[s] from [an] appeal," dated August 13, 2008, which appears to have challenged in state court the termination of visitation with his daughter. (Compl. at 2.) Notably, plaintiff previously filed a complaint in this Court also seeking to stay decisions and orders of Kings County Supreme Court in the same proceeding. See Sullivan v. Xu, No. 10-CV-3626 (ENV). On August 6, 2010, the Court dismissed that action for lack of subject matter jurisdiction. Sullivan v. Xu, No. 10-CV-3626 (ENV), slip op. (E.D.N.Y. Aug. 6. 2010).

## Standard of Review

The purpose of the statute permitting litigants to proceed in forma pauperis is to insure that indigent persons have equal access to the judicial system. See Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant need not demonstrate destitution, but he or she must demonstrate poverty to qualify. See Potnick v. Eastern State Hosp., 701 F.2d 243, 244 (2d Cir. 1983). Whether a plaintiff is eligible for in forma pauperis status is a determination that lies within the sound discretion of the district court. See Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action *sua sponte* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Furthermore, this Court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

## Analysis

As set forth by the Court in plaintiff's prior case, it is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-94 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). Here, plaintiff challenges a child custody order. Although plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic relations matters. Therefore, this action is dismissed, as this case is barred by the domestic relations exception to the jurisdiction of the federal courts. Schottel v. Kutyba, 2009 WL 230106 (2d Cir. 2009).

Further, even if the Court did not lack jurisdiction based on the domestic relations exception, the Court is without jurisdiction over plaintiff's declaratory judgment and injunctive relief claims under the abstention doctrine set out by the Supreme Court in Younger v. Harris, 401 U.S. 37, 43-45 (1971). Under Younger, abstention is mandatory where: "1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 647 (2d Cir. 2000). The doctrine applies to claims for injunctive and declaratory relief. See Hansel v. Town Court for the Town of Springfield, 56 F.3d

391, 393 (2d Cir. 1995).

Here, each of the three Younger conditions is satisfied. First, the state proceeding is apparently ongoing. Second, disputes concerning visitation and custody rights over minors implicate important state interests. Questions of family relations, especially when issues of custody are involved, are traditionally an area of state concern. See Rohling v. New York, 2004 WL 3623341, at *2 (N.D.N.Y. 2004). Third, plaintiff has not alleged, nor is it conceivable that he could, that state courts could not afford him the opportunity for judicial review of his civil rights challenge. See Hansel v. Town Court for the Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995); Cogswell v. Rodriquez, 304 F.Supp.2d 350, 357 (E.D.N.Y. 2004). Furthermore, plaintiff's allegations fail to show either great or immediate harm. Younger, 401 U.S. at 46-47. Accordingly, this court must abstain from adjudicating plaintiff's claim regarding the ongoing state court proceedings.

## Conclusion

The Court grants Sullivan's application to proceed *in forma pauperis* for purposes of this motion only. But, the Court dismisses all of Sullivan's claims pursuant to § 1915.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated:  Brooklyn, New York
        April 19, 2014

s/Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**